**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| In re:<br><br>JPK NEWCO, LLC,<br>    *Debtor*<br><br>———————————————<br><br>DEVELOPER RE1, LLC and<br>423 KENNEDY ST HOLDINGS, LLC,<br>    *Appellants* |

Bankr. Case No. 25-200 (ELG)

Civil Action No. 25-3250 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

In this appeal, Developer RE1, LLC and 423 Kennedy St Holdings, LLC (the Movants) seek leave to appeal an interlocutory order of the United States Bankruptcy Court for the District of Columbia denying their motion to dismiss JPK NewCo, LLC's Chapter 11 bankruptcy petition. *See* Mot., ECF No. 2. The Movants allege that JPK NewCo's petition was filed in bad faith. And they contend that the Bankruptcy Court erred when it found otherwise and refused to permit them to conduct related discovery. The Court agrees that the Movants have raised an issue appropriate for interlocutory resolution, and it thus grants them leave to appeal. The Court takes no position on whether the Bankruptcy Court correctly denied the Movants' motion.

## LEGAL STANDARD

Appeals from bankruptcy courts to federal district court are governed by 28 U.S.C. § 158, which, among other things, provides district courts with jurisdiction to hear appeals from certain "interlocutory orders and decrees" "with leave of the court." 28 U.S.C. § 158(a)(3). To seek leave to appeal such orders, a party must follow the processes detailed in Federal Rule of Bankruptcy Procedure 8004. Fed. R. Bankr. P. 8004. And Section 158(c)(2) provides that such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of

appeals from the district courts." 28 U.S.C. § 158(c)(2). Neither Bankruptcy Rule 8004 nor Section 158(a)(3) provides a standard for determining when leave to appeal an interlocutory order should be granted. *In re Carvalho*, No. 16-cv-2522, 2017 WL 6276131, at *2 (D.D.C. Apr. 7, 2017). "Thus, district courts generally look to the standard governing circuit court review of . . . interlocutory district court orders provided by [28 U.S.C. § 1292(b)]." *Id.* (cleaned up).

Under Section 1292(b), a movant seeking leave to appeal an interlocutory order must establish that "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." *Azima v. RAK Inv. Auth.*, 325 F. Supp. 3d 30, 34 (D.D.C. 2018) (citation omitted); *see also* 28 U.S.C. § 1292(b). In addition to satisfying each of these three elements "in a technical sense," the movant must also show that "such exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Azima*, 325 F. Supp. 3d at 34 (cleaned up).

## DISCUSSION

The Movants' request for leave to file an interlocutory appeal meets the standard set by Section 1292(b). The Court addresses each of the statute's three prongs in turn.

*Controlling Question of Law*. "An order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *In re Carvalho*, 2017 WL 6276131, at *3 (quotation omitted). The latter formulation includes "a procedural determination that may significantly impact the action." *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003); *see also* 16 Wright & Miller's Federal Practice & Procedure § 3930 (3d ed. Apr. 2026 Update) (noting that a growing number of courts "have accepted the better view

2

that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the . . . court, and time and expense for the litigants").

Here, the Movants assert that their appeal raises two questions of controlling law: "(i) whether a bankruptcy court may categorically deny discovery in connection [with] a dismissal motion, which constitutes a contested matter governed by Rule 9014(c) and (ii) whether the Debtor's Chapter 11 petition was filed in bad faith warranting dismissal under 11 U.S.C. § 1112(b)." Mot. 7. The Court is not convinced that the first question is controlling. But the second is. If the Court determines that the Bankruptcy Court must apply a different standard for determining bad faith, application of that standard may well result in dismissal of JPK NewCo's petition in its entirety. Such an outcome would undeniably have a material effect on the outcome of the litigation. *See In re Carvalho*, 2017 WL 6276131, at *3.[1]

*Substantial Ground for Difference of Opinion*. A movant cannot establish a substantial ground for difference of opinion by merely claiming that a challenged ruling was incorrect. *Campaign Legal Ctr. v. Iowa Values*, 710 F. Supp. 3d 35, 45 (D.D.C. 2024). Instead, this factor may be satisfied by showing that there is "a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits" or "a split within this district on the disputed issue." *Azima,* 325 F. Supp. 3d at 34 (cleaned up). In assessing whether there is "substantial ground for dispute," a district court looks to similar cases that address the pertinent issue—not just to "keep score," but "to analyze the reasoning in those decisions" and the strength of the arguments on either side. *Id.* (cleaned up).

---

[1] JPK NewCo does not contest the Movants' argument on this point and thus appears to concede the issue. *See* Opp'n 1–2, 9–14, ECF No. 3 (arguing that the Movants have failed to satisfy factors two and three without addressing factor one); *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party files an opposition to a motion and therein addresses only some of the movant's arguments, the court may treat the unaddressed arguments as conceded.").

Here, the Movants argue that "there is substantial uncertainty" about whether the Bankruptcy Court applied the proper standard to deny their motion to dismiss—and their associated request for discovery—because "bankruptcy courts differ on what constitutes 'bad faith' . . . and what determinations can be made without a development of the factual record." Mot. 12. The Court agrees.

As the Bankruptcy Court noted, "there is no controlling precedent in the District of Columbia Circuit as to the standard that must be applied to determine whether a case was not filed in good faith" and "[t]here is a split among the circuit courts" regarding the appropriate standard. Mem. Op. 6, *In re JPK Newco, LLC*, No. 25-br-200, ECF No. 92 (Jun. 12, 2026). Other courts have also noted this divergence of opinion. *See, e.g.*, *In re Cedar Shore Resort, Inc.*, 235 F.3d 375, 380–81 (8th Cir. 2000) (noting that the Fourth Circuit has adopted a rule that a case "should not be dismissed where there is a chance of reorganization" while other courts "have held that bad faith alone is sufficient to warrant dismissal"); *In re Bestwall LLC*, 71 F.4th 168, 182 (4th Cir. 2023) (acknowledging that the Fourth Circuit differs from the Third Circuit by applying a "more comprehensive standard to a request for dismissal of a bankruptcy petition for lack of good faith," requiring a showing of both subjective bad faith and objective futility); *see also* 7 Collier on Bankruptcy ¶ 1112.07 (16th ed. 2026) (discussing split of authority across circuits).

Moreover, there are plausible arguments supporting the divergent standards at issue. As the Bankruptcy Court's opinion illustrates, there are good reasons to apply the standard articulated by the Fourth Circuit in *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989). *See* Mem. Op. 6–9. At the same time, the circuits that have diverged from the Fourth Circuit's approach have cited their own good reasons for doing so. *See, e.g.*, *In re Cedar Shore*, 235 F.3d at 381 (declining to "adopt the *Carolin* test" and holding that "a Chapter 11 petition may be dismissed for bad faith

4

alone" because "such a rule protects the integrity of the bankruptcy courts by limiting the availability of their 'powerful equitable weapons' to parties filing in good faith"); *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988) (holding that "[t]he possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith"); *see also* 7 Collier on Bankruptcy ¶ 1112.07 (finding "persuasive" "[t]he Eleventh Circuit's conclusion in *Phoenix Piccadilly* that a court need not suffer the continuance of a bad faith chapter 11 case even if the debtor has a remote chance of rehabilitation").

Given the absence of controlling precedent in this Circuit, and the conflicting decisions in other circuits, the Movants have sufficiently demonstrated that there is substantial ground for difference of opinion regarding the proper standard for determining when a Chapter 11 petition should be dismissed for bad faith.

*Appeal Would Materially Advance Litigation*. As a general matter, "[t]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 Wright & Miller's Federal Practice & Procedure § 3930. That is certainly true here. As explained above, an appeal could result in dismissal of JPK NewCo's petition in its entirety and eliminate the need for further proceedings. Such a result would undeniably materially advance the litigation.

JPK NewCo resists this conclusion, arguing that any discovery regarding bad faith now would duplicate discovery that the Movants can take later in the bankruptcy case (*e.g.*, in the context of plan confirmation). Opp'n 12–15, ECF No. 3. Granting an appeal, according to JPK NewCo, would thus lead to delay and duplication of efforts. *Id.* at 15. But if the Movants prevail—*i.e.*, if they persuade the Court that a different standard should apply and then convince the Bankruptcy Court that the standard requires dismissal—it would end JPK NewCo's reorganization

in its tracks. Discovery being available later in the case therefore does not undercut that this appeal might substantially hasten the end of this litigation.

*     *     *

Viewing the above factors together, the Movants have sufficiently shown that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Azima*, 325 F. Supp. 3d at 34 (cleaned up). Granting an appeal in this case will enable this Court to resolve a controlling question of law—on which there is substantial ground for disagreement—that could result in the dismissal of JPK NewCo's petition. Accordingly, the Court grants the Movants leave to file an interlocutory appeal on the following question: whether the Bankruptcy Court applied the correct standard in determining whether JPK NewCo's petition should be dismissed for lack of good faith. The Parties' briefs should focus only on that question. The Court will not consider any other issues on interlocutory appeal.

## CONCLUSION

For all the above reasons, the Court grants the Motion by Developer RE1, LLC and 423 Kennedy St Holdings, LLC for Leave to File an Appeal of the Bankruptcy Court's Interlocutory Order, ECF No. 2. The Court denies as moot the Movants' Motion for Leave to File Supplemental Briefing, ECF No. 13. The Court further orders the Parties to adhere to the following briefing schedule for the appeal. The Movants must file their opening brief by July 30, 2026. JPK NewCo

must file its responsive brief by August 20, 2026. The Movants must file any reply by September 3, 2026.

A separate order will issue.[2]

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:    July 2, 2026

---

[2] The Court appreciates the Bankruptcy Court's thoughtful analysis in response to the Court's request for a certification under Bankruptcy Court Local Rule 8004-1. Certification, ECF No. 12.